**Opinion issued November 25, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-24-01000-CR**

**NO. 01-24-01001-CR**

———————————

**JARRETT DEONDRE STEARNS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 488th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1874075 & 1874076**

---

**MEMORANDUM OPINION**

Appellant Jarrett Deondre Stearns was charged with the felony offenses of possession of a controlled substance, namely, fentanyl, with the intent to deliver,

weighing more than four grams but less than 200 grams[1] and unlawful possession of a firearm by a felon.[2]  A jury found appellant guilty of both offenses as charged in the indictments and assessed his punishment at thirty years' confinement and a $10,000 fine for the offense of possession of a controlled substance, namely, fentanyl, with the intent to deliver, weighing more than four grams but less than 200 grams, and five years' confinement and a $5,000 fine for the offense of unlawful possession of a firearm by a felon, with the sentences to run concurrently. Appellant timely filed notices of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw in each appeal, along with briefs stating that the records present no reversible error and the appeals are without merit and are frivolous.  *See Anders v. California*, 386 U.S. 738 (1967).

Counsel's briefs meet the *Anders* requirements by presenting a professional evaluation of the records and supplying the Court with references to the records and legal authority.  *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 811 (Tex. Crim. App. 1978).  Counsel indicates that he has thoroughly reviewed the record in each appeal and is unable to advance any grounds of error that warrant

---

[1]     *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d).

[2]     *See* TEX. PENAL CODE ANN. § 46.04(a)(2).

reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Appellant's counsel has also certified that he mailed a copy of the motions to withdraw and *Anders* briefs to appellant and informed him of his right to file a pro se response in each appeal. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008). Counsel also informed appellant of his right to access the appellate records and provided him with a form motion for pro se access.[3] *See Kelly*, 436 S.W.3d at 319–20. Appellant has not filed responses to his counsel's *Anders* briefs.

We have independently reviewed the entire record in each appeal, and we conclude that no reversible error exists in the records, there are no arguable grounds for review, and the appeals are frivolous. *See Anders*, 386 U.S. at 744 (emphasizing reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing

---

[3] This Court also notified appellant that counsel had filed *Anders* briefs and motions to withdraw and informed appellant that he had a right to examine the appellate records and file responses to his counsel's *Anders* briefs. And this Court provided appellant with form motions to access the appellate records. *See Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).

court determines whether arguable grounds exist by reviewing entire record).  We note that appellant may challenge a holding that there are no arguable grounds for an appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals.  *See Bledsoe*, 178 S.W.3d at 827 & n.6.

## Conclusion

We affirm the judgments of the trial court and grant appellant's appointed counsel's motion to withdraw in each appeal.[4]  Counsel must immediately send appellant the required notice and file a copy of that notice with the Clerk of this Court.  *See* TEX. R. APP. P. 6.5(c).

## PER CURIAM

Panel consists of Justices Guerra, Guiney, and Johnson.

Do not publish.   TEX. R. APP. P. 47.2(b).

---

[4]   Appointed counsel still has a duty to inform appellant of the result of these appeals and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).